1  JOHN K. FLOCK ESQ.; STATE BAR NO.: 200183
2  **THARPE & HOWELL, LLP**
   **15250 Ventura Blvd., Ninth Floor**
3  **Sherman Oaks, California 91403**
   **(818) 205-9955; (818) 205-9944 fax**
4  Email: jflock@tharpe-howell.com

5  Attorneys for Defendant,
   COSTCO WHOLESALE CORPORATION
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DIANA LIZETH AVENDANO, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |
| v. | |
| COSTCO WHOLESALE CORPORATION, a Washington corporation; SCOTT MANLY, an individual; STEPHANIE ANDA, an individual; JOSUE CACERES, an individual; KEVIN CLARKE, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTILTED COURT:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California – Western Division pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

///

///

///

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B))**

**Complete Diversity Exists**

1. This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

3. Plaintiff, Diana Lizeth Avendano is a citizen of the state of California.

4. Defendant, Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington. Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

6. Defendants, Scott Manly, Stephanie Anda, Josue Caceres and Kevin Clarke have not been served or appeared in this action. Those named as defendants, but not yet served in the state court action need not join the notice of removal. Northern Ill. Gas Co. v. Airco Industrial Gases (7th Cir. 1982) 676 F.2d 270, 272; Destfino v. Reiswig (9th Cir. 2011) 630 F.3d 952, 955 (codefendants not properly served need to join.)

7. Thus, a defendant who has been served or who has otherwise acquired notice of a state court action need to seek out and notify codefendants who have not yet been served to ask them to join in the removal. See Gossmeyer v. McDonald (7th Cir. 1997) 128 F.3d 481. 489.

8. Moreover, defendants, Scott Manly, Stephanie Anda, Josue Caceres and Kevin Clarke appear to have been named to create a fraudulent joinder. Joinder in the notice of removal is not required by persons named as defendants solely to prevent removal. Chambers v. HSBC Bank USA, N.A. (6th Cir. 2015) 796 F.3d 560, 564-

565; Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services (5th Cir. 1991) 925 F.2d 866, 871.

9. Notably, in Plaintiff's responses to discovery, Scott Manly, Stephanie Anda, Josue Caceres and Kevin Clarke are neither identified as having participated in the underlying events nor being present when the incident happened.

10. Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

**Amount in Controversy Exceeds $75,000**

11. Plaintiff's Complaint alleges two causes of action for negligence and premises liability against Defendant. (*See* Plaintiff's Complaint, Case No. 20STCV48648, Superior Court of California, County of Los Angeles, page 1, attached as Exhibit A.)

12. On April 15, 2019, Plaintiff alleges that she was injured when she was collided into by shopping carts pulled by an employee on the subject premises while visiting Defendant's store located at 12324 Hoxie Avenue, Norwalk, California and sustained personal injuries. Plaintiff alleges that Defendant negligently and carelessly owned, operated, maintained, serviced, and controlled the premises. (See Plaintiff's Complaint, Case No. 20STCV46648, Superior Court of California, County of Los Angeles, page 3, attached as Exhibit A.)

13. Plaintiff alleges she sustained injuries to her health, strength, and activity, sustaining injuries to her body and person, including mental pain and suffering. She further claims to have sustained hospital and medical expenses, wage loss, compensatory damages, and general damages. (See Plaintiffs' Complaint, Case No. 20STCV48648, Superior Court of California, County of Los Angeles, page 3, attached as Exhibit A.)

14. On April 15, 2022, Defendant served Form Interrogatories (Set One) on Plaintiff. (See Form Interrogatories, attached as Exhibit B.)

15. On June 21, 2022, Plaintiff served Responses to Form Interrogatories

(Set One). (See Response to Form Interrogatories, attached as Exhibit C.)

16. In Response to Form Interrogatory No. 6.4, Plaintiff itemizes her medical billing as follows:

| | |
|---|---|
| Oceanview Medical & Surgical: | $2,000.00 |
| Catherine Zarrabi, D.C.: | $4,155.00 |
| Expert MRI: | $7,380.00 |
| Biohealth Pain Management | $2,800.00 |
| Dr. Reekesh Patel: | $25,391.00 |
| Hawthorn Surgery Center: | $27,282.00 |
| Sky Anesthesia, Inc.: | $4,880.00 |
| Dr. Greg Khounganian, M.D.: | pending |
| Dr. Fardad Mobin: | $1,700.00 (additional pending) |
| Total | $75,588.00 |

(See Response to Form Interrogatories, attached as Exhibit C.)

17. Plaintiff's Responses to written discovery put Defendant on notice that the amount in controversy exceeds $75,000.00.

18. Therefore, Plaintiff alleges damages that exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

19. On June 21, 2022, Plaintiff served Responses to Form Interrogatories (Set One). (See Response to Form Interrogatories, attached as Exhibit C.)

20. The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3). The removal period commences only when defendant is able "to intelligently ascertain" that plaintiff's claim exceeds $75,000 as the result of a voluntary act on plaintiff's part—e.g., sworn answers to interrogatories. Huffman v. Saul Holdings Ltd. Partnership

(10th Cir. 1999) 194 F3d 1072, 1078.

21. This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's Responses to Interrogatories from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b).

**Other Requirements for Removal Are Met**

22. Removal of this lawsuit to the United States District Court for the Central District of California, Western Division is proper as the Superior Court of the State of California, County of Los Angeles, where the action was originally filed, is located in this district.

23. Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Los Angeles, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice to State Court of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit D.)

**Demand for Jury Trial**

24. Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

Dated: July 7, 2022

THARPE & HOWELL, LLP

By: _____
JOHN K. FLOCK
Attorneys for Defendant,
COSTCO WHOLESALE
CORPORATION

- 5 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Daniel J. Rafii, Esq.<br>Christopher K. Roberts, Esq,<br>Justin Rabi, Esq.<br>RAFII & ASSOCIATES, P.C.<br>9100 Wilshire Boulevard, Suite 465E<br>Beverly Hills, California 90212<br>Phone: 310.777.7877<br>Fax: 310.777.7855<br><br>Emails: *daniel@rafiilaw.com*<br>*christopher@ra.fiilaw.com*<br>*justin@rafiilaw.com* | Attorneys for Plaintiff,<br>DIANA LIZETH AVENDANO |

5. a. **X** **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 7/7/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32971\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221