EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2020 10:11 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
Case 2:22-cv-04637-GW-E   Document 1-1   Filed 07/07/22   Page 2 of 8   Page ID #:8
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long



RAFII & ASSOCIATES, P.C.
DANIEL J. RAFII, SBN 244174
 daniel@rafiilaw.com
CHRISTOPHER K. ROBERTS, SBN 232791
 christopher@rafiilaw.com
JUSTIN RABI, SBN 305287
 justin@rafiilaw.com
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone: 310.777.7877
Facsimile: 310.777.7855

Attorneys for:
DIANA LIZETH AVENDANO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DIANA LIZETH AVENDANO, an individual, <br><br>Plaintiffs,<br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; SCOTT MANLY, an individual; STEPHANIE ANDA, an individual; JOSUE CACERES, an individual; KEVIN CLARKE, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  20STCV48648<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERSONAL INJURIES**<br><br>1. NEGLIGENCE;<br>2. PREMISES LIABILITY<br><br>DEMAND FOR JURY TRIAL |

Plaintiff DIANA LIZETH AVENDANO, an individual (hereinafter "Plaintiff") alleges as follows:

### GENERAL ALLEGATIONS

1. Defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO") is, and at all times mentioned herein, a corporation created under the laws of the state of Washington, with its principal place of business in Washington, doing business in Los Angeles County, California.

2. Defendant, SCOTT MANLY, an individual (hereinafter referred to as


"MANLY") is a natural person who is, and at all times herein mentioned was, believed to be a resident of Los Angeles County, California.

3.  Defendant, STEPHANIE ANDA, an individual (hereinafter referred to as "ANDA") is a natural person who is, and at all times herein mentioned was, believed to be a resident of Los Angeles County, California.

4.  Defendant, JOSUE CACERES, an individual (hereinafter referred to as "CACERES") is a natural person who is, and at all times herein mentioned was, believed to be a resident of Los Angeles County, California.

5.  Defendant, KEVIN CLARKE, an individual (hereinafter referred to as "CLARKE") is a natural person who is, and at all times herein mentioned was, believed to be a resident of Los Angeles County, California.

6.  Defendants COSTCO; MANLY; ANDA; CACERES; CLARKE; and DOES 1 through 50 may be collectively referred to as "Defendants."

7.  Plaintiff does not know the true names of Defendants DOES 1 through 50 and therefore sues them by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of those Defendants were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

8.  Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, each of the Defendants was the agent, alter-ego, joint venture, and/or employee of each of the remaining Defendants, was acting at all times within the course and scope of said agency and employment and with the knowledge and consent of the remaining defendants, and/or was responsible for negligently hiring each of the remaining defendants. Plaintiff is further informed and believes that at all times mentioned herein, each of the Defendants was acting with the knowledge, direction, participation, acquiescence, ratification, and/or consent of the remaining Defendants, and each of them.

9. The acts or occurrences giving rise to this action occurred on April 15, 2019 in the City of Norwalk, Los Angeles County, California, and within the jurisdiction of the above-captioned Court.

10. At all times mentioned in this Complaint, Defendants, and each of them, owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised a Costco Wholesale located at 12324 Hoxie Ave, Norwalk, CA 90650 (hereinafter referred to as the "Subject Premises").

11. As a result of the acts and/or omissions of the Defendants, and each of them, as hereinafter alleged, Plaintiff was collided into by shopping carts pulled by employee/employees of the Subject Premises, thereby causing Plaintiff to sustain the injuries and damages complained of herein.

12. Plaintiff is informed and believes that at all times mentioned herein, Defendants, and each of them, owned, maintained, controlled, managed, operated, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, inspected, repaired, modified, supervised, permitted, and/or were employed at the Subject Premises.

13. At all times mentioned herein, Defendants, and each of them, owed a duty to Plaintiffs to keep the subject premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition, or guarding against, preventing, curing, or removing the dangerous condition.

14. At all times mentioned herein, Plaintiff was lawfully on the Subject Premises and was unable to foresee or prevent the impending injury.

## FIRST CAUSE OF ACTION

### (NEGLIGENCE BY PLAINTIFF AGAINST ALL DEFENDANTS)

15. Plaintiff incorporates each allegation set forth in paragraphs 1 through 14.

16. Plaintiff is informed and believes and thereon alleges that on April 15, 2019, Defendants, and each of them, owed a duty of care to Plaintiff to keep the Subject Premises in a

safe condition by, inter alia, providing a warning regarding the dangerous condition or guarding against, preventing, curing, or removing the dangerous condition, and by conducting their business activities, including, but not limited to, the reasonably safe handling, transport, and stowage of shopping carts, baskets, and trollies.

17. Plaintiff is informed and believes and thereon alleges, that on or about the above-referenced date and place, Defendants, and each of them, owed a duty to Plaintiff because they owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the subject premises, permitted or created the dangerous condition, and/or were employed at the Subject Premises and were involved in creating, and failing to abate, guard, or warn against, said dangerous activities.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, breached the aforementioned duty of the care when they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the subject premises; permitted or created the dangerous condition, increased the risk of harm, or created a false sense of safety at the Subject Premises so as to cause Plaintiff to encounter a dangerous and deceptive condition causing a collision to Plaintiff, and thereby directly causing the injuries and damages to Plaintiff as described herein.

19. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability to her, all to her general damage in an amount which will be stated according to proof at trial.

20. As a further proximate result of the negligence of Defendants, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount which will be

stated according to proof at trial.

21. As a further proximate result of the negligence of Defendants as alleged herein, Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and the exact number of such expenses will be stated according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (PREMISES LIABILITY BY PLAINTIFF AGAINST ALL DEFENDANTS)

22. Plaintiff incorporates each allegation set forth in Paragraphs 1 through 21, inclusive.

23. At all times herein mentioned, Defendants owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the Subject Premises, and/or permitted or created the dangerous condition the Subject Premises so as to cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the condition of said premises were such that individuals upon the subject premises, including the Plaintiff, were exposed to danger and injury while lawfully on the Subject Premises. Defendants, and each of them, failed to warn Plaintiff of the dangerous condition that existed at the Subject Premises.

24. At all times herein mentioned, Defendants created, knew of, or in the exercise of reasonable care should have known of, the dangerous and defective condition, but failed to take reasonable care to guard against, or warn against, the presence of said condition to prevent injuries to reasonably foreseeable plaintiffs, and/or persons lawfully on the Subject Premises, including Plaintiff.

25. On or about the above-referenced date and place, Defendants, and each of them, negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised the Subject Premises, and failed to use reasonable care in the

5
**COMPLAINT**

handling, transport, and stowage of shopping carts, baskets, and/or trollies, so as to cause a collision to Plaintiff, and thereby directly and proximately causing the injuries and damages to Plaintiff as described herein.

26. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff was injured and injured in her health, strength, and activity, sustaining injuries to her body and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering. Plaintiff is informed and believes and thereon alleges that these injuries will result in some permanent disability to her, all to her general damage in an amount which will be stated according to proof at trial.

27. As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

28. As a further proximate result of the negligence of Defendants as alleged herein, Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent, and amount of which are not yet known to Plaintiff, and the exact number of such expenses will be stated according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

(1) For economic damages, including lost wages, lost employee benefits, medical expenses and other economic obligations incurred according to proof at trial;

(2) For non-economic damages, including physical pain and suffering, loss of enjoyment of life and anxiety associated with his injuries;

(3) For pre-judgment interest at the maximum legal rate;

(4) For post-judgment interest at the maximum legal rate;

(5) For costs of suit herein incurred;

(6) For such other relief that at the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff DIANA LIZETH AVENDANO requests that the present matter be set for jury trial.

DATED: December 21, 2020

Respectfully submitted,

**RAFII & ASSOCIATES, P.C.**

By: _____
DANIEL J. RAFII, ESQ.
CHRISTOPHER K. ROBERTS, ESQ.
JUSTIN RABI, ESQ.
Attorneys for Plaintiffs